2 F.3d 1161
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rickey W. SPEARS, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellant.
 No. 92-5253.
 United States Court of Appeals, Tenth Circuit.
 Aug. 9, 1993.
 
 Before LOGAN and BRORBY, Circuit Judges, and BRIMMER,* District Judge.
 LOGAN, Circuit Judge.
 
 
 1
 ORDER AND JUDGMENT**
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Claimant Rickey W. Spears appeals from a district court judgment affirming the Secretary of Health and Human Services' denial of his application for disability benefits. On appeal, claimant argues that the Administrative Law Judge (ALJ) did not base his decision on substantial evidence and erred in posing incomplete and defective questions to the vocational expert.
 
 
 4
 We review the ALJ's decision to determine whether it is based on substantial evidence. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991). We may not reweigh the evidence nor substitute our judgment for that of the agency. Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991). We defer to the ALJ on credibility matters. See Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1499 (10th Cir.1992). We also review the Secretary's decision for legal errors. Failure to apply the correct legal standard constitutes grounds to reverse without regard to whether the decision is supported by substantial evidence. Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir.1993).
 
 
 5
 Claimant was thirty-four years old at the time of the hearing before the ALJ. He claims disability from a work-related accident in 1985. At the hearing, he testified to impairments with his knee, leg, and back. In addition, the medical records indicate he fractured his ankle in 1987. His work history includes many jobs, most recently as a carpenter, roofer, and night watchman. Claimant has a tenth grade education.
 
 
 6
 Claimant applied for disability benefits in August 1989. His application was denied at all administrative levels. The ALJ determined that although claimant does have a severe impairment he is not totally disabled, and can return to work as a night watchman, truck driver, or production line welder.[1]
 
 
 7
 Claimant's first challenge is that the ALJ did not consider adequately the effect pain has on his ability to work. When the claimant's impairment is reasonably expected to produce some pain, the Secretary must consider all relevant evidence to determine whether the pain results in disability. See Luna v. Bowen, 834 F.2d 161, 164 (10th Cir.1987). Here, the medical records provide the necessary "loose nexus" between the impairment and the pain. See Thompson, 987 F.2d at 1489. The only evidence of disabling pain, however, comes from the claimant's testimony.
 
 
 8
 Several factors are relevant in determining whether to give credence to a claimant's statements of disabling pain. These include,
 
 
 9
 "the levels of medication [taken] and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence."
 
 
 10
 Hargis, 945 F.2d at 1489 (quoting Huston v. Bowen, 838 F.2d 1125, 1132 (10th Cir.1988)). The ALJ considered all of these factors. He determined, however, that claimant's assertions of complete disability were not consistent with either the medical records or his self-described daily activities. The record supports this assessment. An inability to work pain-free is not a sufficient reason to find a claimant disabled. Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir.1988). Rather, the pain must be so severe, either alone or in conjunction with other impairments, "as to preclude any substantial gainful employment." Id. The record contains substantial evidence to support the ALJ's decision discrediting claimant's testimony.
 
 
 11
 Claimant also alleges that the ALJ used an improper hypothetical question to a vocational expert concerning the residual functioning capacity of a person with claimant's limitations. Claimant asserts that hypothetical did not include a complete description of his limitations and impairments. " '[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.' " Hargis, 945 F.2d at 1492 (quoting Ekeland v. Bowen, 899 F.2d 719, 724 (8th Cir.1990)). Because the ALJ's findings are adequately reflected in the hypothetical question to the vocational expert, we reject claimant's challenge to the question. See Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir.1993). The ALJ included sufficient relevant information in his hypothetical that reliance on the expert's answer was not improper.
 
 
 12
 Finally, although not described as a separate issue on appeal, claimant maintains the entire agency proceeding was suspect because the ALJ did not fulfill his duty to develop the record. See Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir.1992). Claimant was proceeding pro se. Therefore, the ALJ had a heightened duty to ensure he had complete information regarding the nature of the impairments, ongoing treatment and medication, and the impact the impairments had on claimant's daily routine. See id. at 1374-75. We have reviewed the hearing transcript carefully. We do not agree with this assertion. In fact, the record reveals the ALJ asked many questions to ascertain the nature of the claimant's alleged disability, identify to what extent he may have been receiving treatment or medication, and to determine the effect of his alleged disability on his daily life. He further solicited adequate and complete information from the vocational expert.
 
 
 13
 AFFIRMED.
 
 
 
 *
 Honorable Clarence A. Brimmer, United States District Judge for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The ALJ made his decision at step four of the sequential evaluation process used to determine whether an individual is disabled. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988) describing steps). At this step, the burden of proof is with the claimant to show he cannot return to his past relevant work. See id. at 751 n. 2