76 F.3d 392
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Myrna DANIELS, o/b/o Shaniqua Hudson, a minor child,
Plaintiff-Appellant,
v.
Shirley S. CHATER,[1] Commissioner, Social
Security Administration, Defendant-Appellee.
 No. 95-5090.
(D.C.No. 93-C-523-E)
 United States Court of Appeals, Tenth Circuit.
 Feb. 13, 1996.
 
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Myrna Daniels appeals a district court order affirming the final decision by the Secretary of Health and Human Services (the Secretary) denying her application for Child's Supplemental Security Income disability benefits for her minor daughter, Shaniqua Hudson. We have jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 
 3
 Ms. Daniels claims her daughter, who was eleven years old at the time of her administrative hearing, is disabled because of an impairment to her left leg and left arm. The administrative law judge (ALJ) denied benefits. He found that Ms. Hudson's impairments were severe, but did not meet or equal the severity of a listed impairment. See 20 C.F.R. 416.924(b)-(e)(1993). Two individualized functional assessments (IFAs) were performed, which both concluded that Ms. Hudson's impairments were not of "comparable severity" to an impairment that would disable an adult. See id. 416.924(a)-(f), 416.924a. Accordingly, the ALJ concluded that Ms. Hudson was not disabled.
 
 
 4
 Our review is limited to determining whether the factual findings are supported by substantial evidence and whether the Secretary applied the correct legal standards. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir.1993). Substantial evidence is adequate relevant evidence that a reasonable mind might accept to support a conclusion. Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991). To determine whether the Secretary's decision is supported by substantial evidence, "we may neither reweigh the evidence nor substitute our discretion for that of the Secretary." Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir.1992).
 
 
 5
 Ms. Daniels contends on appeal that (1) the ALJ erred in finding that her daughter did not meet or equal the impairment listed at 20 C.F.R. Part 404, Subpt. P, App. 1, 101.03A; (2) the ALJ erred in failing to evaluate her daughter's subjective complaints of pain under the standard set forth in Luna v. Bowen, 834 F.2d 161, 164 (10th Cir.1987); and (3) the evidence establishes that if her daughter were an adult, she would not be capable of sedentary or light work. We do not address this last contention, raised for the first time on appeal, because "[a]bsent compelling reasons, we do not consider arguments that were not presented to the district court." Crow v. Shalala, 40 F.3d 323, 324 (10th Cir.1994).
 
 
 6
 The listed impairment at 101.03A requires Ms. Daniels to present objective medical evidence that her daughter has a deficit of musculoskeletal function due to deformity or musculoskeletal disease and that her walking is "markedly reduced in speed or distance despite orthotic or prosthetic devices." 20 C.F.R. Part 404, Subpt. P, App. 1, 101.03A. We have carefully reviewed the record, and we conclude that substantial evidence supports the ALJ's conclusion that Ms. Hudson's walking is not "markedly reduced," and therefore does not meet or equal the listed impairment. This includes evidence that her daughter runs and plays soccer twice a week; is able to keep up with her soccer teammates and with her classmates during gym class; is able to walk at the zoo and the amusement park with brief resting breaks every thirty minutes; and does not require an orthotic or prosthetic device. Moreover, none of the medical reports from Ms. Hudson's treating physicians supports a conclusion that her walking is markedly reduced.
 
 
 7
 We further conclude that the ALJ did consider all the evidence presented and the factors for evaluating subjective pain, as identified in Luna, 834 F.2d at 165-66. The ALJ considered the evidence that Ms. Hudson's daily activities are normal, that over-the-counter medications and exercise alleviate any pain she has, and that she does not have regular contact with a physician. We can find no record support for a conclusion that Ms. Hudson suffers from disabling pain.
 
 
 8
 Accordingly, for substantially the same reasons as stated in the district court's order of March 15, 1995, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3