77 F.3d 493
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Clyde F. SHIELDS, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration,[1] Defendant-Appellee.
 No. 95-5119.
 United States Court of Appeals, Tenth Circuit.
 Feb. 26, 1996.
 
 Before ANDERSON, SETH and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 SETH
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's order affirming the decision of the Secretary to deny plaintiff's applications for disability insurance benefits and supplemental security income. We exercise jurisdiction pursuant to 42 U.S.C. 405(g) and 28 U.S.C. 1291 and affirm.
 
 
 3
 Plaintiff claims that he has been disabled since August 1990, when his left lung collapsed and he had to have a portion of it removed. Since that time, plaintiff alleges, he has suffered from disabling chest pains. After plaintiff's applications for benefits were denied initially and on reconsideration, an administrative law judge (ALJ) conducted a hearing and a de novo review of his claims in April of 1992. The ALJ subsequently concluded that plaintiff was not disabled because he could return to his past relevant work as either a truck driver or a janitorial worker, both of which were performed at the medium exertional level. When the Appeals Council denied review, the ALJ's decision became the final decision of the Secretary. On a request for review, the district court affirmed the Secretary's decision, and this appeal followed.
 
 
 4
 "We review the Secretary's decision to determine whether it is supported by substantial evidence and whether the Secretary applied the correct legal standards." Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir.1994). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). We may "neither reweigh the evidence nor substitute our judgment for that of the [Secretary]." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991).
 
 
 5
 Plaintiff raises several challenges to the Secretary's decision. First, he argues that the determination that he can return to his past relevant work is not supported by substantial evidence. Specifically, plaintiff contends that the evidence establishes that he cannot perform the lifting, standing, and walking requirements of medium work; that the ALJ did not properly assess various factors under Luna v. Bowen, 834 F.2d 161 (10th Cir.1987), in determining that plaintiff's complaints of disabling pain were not credible; and that the Medical-Vocational Guidelines (grids), 20 C.F.R., Pt. 404, Subpt. P, App. 2, are not applicable because plaintiff suffers from a nonexertional impairment.
 
 
 6
 Second, plaintiff contends that the ALJ committed several legal errors. Specifically, plaintiff argues that the ALJ erred in failing to elicit expert vocational testimony; in classifying plaintiff's past relevant work as medium; and in failing either to make specific findings about the mental and physical requirements of plaintiff's past relevant work or to compare those requirements to plaintiff's established limitations.
 
 
 7
 In support of his argument that he cannot lift, stand, or walk enough to meet the requirements of medium work, plaintiff relies on his testimony as to his capabilities. Plaintiff's testimony on this matter is contradicted by the opinion of his treating physician, however, as well as by plaintiff's own description of his daily activities. That the ALJ chose to give more weight to this latter evidence is not a matter for our review, as we cannot reweigh the evidence on appeal. Casias, 933 F.2d at 800. For this reason, too, plaintiff's challenge to the ALJ's evaluation of plaintiff's subjective complaints of disabling pain is unavailing, because it requires us to reweigh the evidence.
 
 
 8
 Plaintiff's argument concerning the use of the grids is both factually and legally frivolous. Factually, the ALJ neither discussed nor relied on the grids in concluding that plaintiff could return to his past relevant work at step four of the sequential analysis. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(explaining the five-step sequential analysis). Legally, the grids are irrelevant at step four, because they relate to vocational factors that the Secretary does not consider until step five. See 20 C.F.R. 404.1520, 404.1560, 416.920, 416.960.
 
 
 9
 We turn then to plaintiff's contentions of legal error. Plaintiff first argues that, in light of his nonexertional limitation of pain, the ALJ erred in failing to elicit expert vocational testimony as to plaintiff's ability to work. Like plaintiff's argument with respect to the grids, this argument is frivolous. The law is well established in this circuit that the ALJ has no obligation to elicit expert vocational testimony at step four of the sequential analysis. E.g., Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir.1992). Further, counsel's citation to Talbot v. Heckler, 814 F.2d 1456 (10th Cir.1987), and to Social Security Ruling 83-12 in support of his argument is quite misleading. Both of these authorities concern step five of the sequential analysis and have no bearing on the ALJ's obligations at step four.
 
 
 10
 Plaintiff's final two contentions of error are also unavailing because plaintiff failed to raise them in the district court.[3] "Absent compelling reasons, we do not consider arguments that were not presented to the district court." Crow v. Shalala, 40 F.3d 323, 324 (10th Cir.1994). We note that plaintiff, here, was represented by the same counsel before the agency, before the district court, and on appeal. As in Crow, "we see no reason to deviate from the general rule." Id.
 
 
 11
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 Entered for the Court
 Oliver Seth Circuit Judge
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [3]
 We also note that plaintiff's brief does not comply with 10th Cir. R. 28.2, which requires that the appellant's brief contain, "with respect to each issue raised on appeal, a statement as to where in the record the issue was raised and ruled upon."