UNITED STATES COURT OF APPEALS

**Filed 9/17/96**

FOR THE TENTH CIRCUIT

CLINTON TARVER, for Prentice S.
Tarver, a minor,

      Plaintiffs-Appellants,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,[*]

      Defendant-Appellee.

No. 96-5033
(D.C. No. CV-94-826-J)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before PORFILIO, LOGAN, and LUCERO, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34 (f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Prentice Tarver, a minor child, appeals from a judgment of the district court that affirms the decision of the Secretary of Health and Human Services to deny him Children's Supplemental Security Income (SSI) benefits. Plaintiff claims he is disabled due to a seizure disorder. The administrative law judge (ALJ) denied benefits at step four of the sequential process for determining disability for children. See 20 C.F.R. 416.924(b)-(f). The ALJ determined that plaintiff did not have an impairment of comparable severity to that which would disable an adult, and that plaintiff was therefore not disabled. The Appeals Council denied review, making the ALJ's determination the final decision of the Secretary.

On appeal, plaintiff contends the ALJ erred because: (1) evidence the ALJ accepted as true shows that in spite of his medication, plaintiff had seizures within twelve months of the denial of benefits, so the ALJ's finding that medication controlled his seizures is not supported by substantial evidence; and (2) the ALJ failed to properly evaluate claimant's allegations of stomach aches,

leg pain, drowsiness, and mood swings under Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987), after plaintiff showed a nexus between these side-effects and his seizure medication.

We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291 to review the Secretary's decision to determine only whether it is supported by substantial evidence and whether the correct legal standards were applied. See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quotation and citation omitted). Evidence is not substantial if it is overwhelmed by other evidence or is mere conclusion. Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). We may not reweigh the evidence or substitute our discretion for that of the Secretary. Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995).

We have reviewed the briefs and the record on appeal, and are not persuaded by plaintiff's claims of error. The magistrate judge[1] thoroughly addressed the arguments plaintiff raises on appeal, and we affirm for substantially

---

[1] The parties consented to disposition of this case by the magistrate judge. See 28 U.S.C. § 636(c)(3).

-3-

the same reasons as set forth in the magistrate judge's order filed on November 30, 1995.

     AFFIRMED.

                                 Entered for the Court


                                 James K. Logan
                                 Circuit Judge