UNITED STATES COURT OF APPEALS

**Filed 10/9/96**

FOR THE TENTH CIRCUIT

ROBERT D. NOLLEN,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,*

      Defendant-Appellee.

No. 95-5226
(D.C. No. 94-C-91-W)
(N.D. Okla.)

ORDER AND JUDGMENT**

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

---

\*     Effective March 31, 1995, the functions of the Secretary of Health and
Human Services in social security cases were transferred to the Commissioner of
Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S.
Chater, Commissioner of Social Security, is substituted for Donna E. Shalala,
Secretary of Health and Human Services, as the defendant in this action.
Although we have substituted the Commissioner for the Secretary in the caption,
in the text we continue to refer to the Secretary because she was the appropriate
party at the time of the underlying decision.

\*\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34 (f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Robert D. Nollen appeals from an order of the district court that affirms the decision of the Secretary of Health and Human Services to deny him social security disability benefits. Plaintiff claims she has been disabled since February 26, 1990, due to injuries to his sinuses, back, neck, and upper extremities caused after a hot asphalt lugger exploded near him. The administrative law judge (ALJ) denied benefits at step five of the five-part sequential process for determining disability. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988)(discussing five-step process). The ALJ determined that although plaintiff could not return to his past work as a roofer, he retained the residual functional capacity (RFC) to perform light work limited by reduced range of motion in his neck, pain in his shoulders and hands, and hearing loss. Based on the testimony of a vocational expert, the ALJ concluded there were jobs plaintiff could perform within those limitations and he was not disabled. The Appeals Council denied review, making the ALJ's determination the final decision of the Secretary.

We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291 to review the Secretary's decision to determine only whether it is supported by substantial evidence and whether the correct legal standards were applied. See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir. 1995). Substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quotation and citation omitted). Evidence is not substantial if it is overwhelmed by other evidence or is mere conclusion. Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). We may not reweigh the evidence or substitute our judgment for that of the Secretary. Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995).

On appeal, plaintiff contends the ALJ: (1) improperly disregarded and mischaracterized evidence; (2) improperly discounted plaintiff's allegations of chronic pain; (3) improperly disregarded the findings of plaintiff's consultative physicians; (4) failed to properly evaluate all of plaintiff's nonexertional impairments; and (5) failed to demonstrate there are a significant number of jobs plaintiff can perform within his RFC.

As far as we can tell from the record on appeal, plaintiff did not raise his fifth issue in the district court. It is counsel's responsibility to point out in the record where each issue was raised and ruled on. 10th Cir. R. 28.2(b). Because it

-3-

appears this issue was not raised below, we will not consider it on appeal. <u>Crow v. Shalala</u>, 40 F.3d 323, 324 (10th Cir. 1994).

We have reviewed the arguments properly raised in light of the record on appeal, and are not persuaded by plaintiff's claims of error. The magistrate judge[1] carefully addressed all of these arguments, and we affirm for substantially the same reasons as set forth in the magistrate judge's order filed on August 25, 1995.

The judgment of the United States District Court for the Northern District of Oklahoma  is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge

---

[1]    The parties consented to disposition of this case by the magistrate judge. <u>See</u> 28 U.S.C. § 636(c)(3).