UNITED STATES COURT OF APPEALS

**Filed 11/5/96**

FOR THE TENTH CIRCUIT

GENE A. FREEMAN,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
Social Security Administration,

      Defendant-Appellee.

No. 96-5008
(D.C. No. 94-C-1107-W)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before BRISCOE and MURPHY, Circuit Judges, and VAN BEBBER,[**] District
Judge.

      After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable G. Thomas Van Bebber, Chief Judge, United States District
Court for the District of Kansas, sitting by designation.

argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Gene A. Freeman appeals from the district court's order affirming the Secretary of Health and Human Services' denial of his application for Social Security disability insurance benefits.[1] Claimant, a fifty-seven year-old man with a high school education, has worked in the past as a security guard. He alleges disability from April 1989, due to fatigue, pain from heart problems, pain in his back and legs, shortness of breath, and lightheadedness.

Claimant's application for disability benefits, filed on February 9, 1993, was denied both initially and on reconsideration. Following a hearing, an administrative law judge (ALJ) issued a decision denying benefits. The magistrate judge affirmed the decision of the Secretary.[2] On appeal, claimant contends that (1) the ALJ failed to consider properly claimant's subjective complaints of pain; (2) the ALJ erred in finding claimant's complaints of fatigue, shortness of breath, and lightheadedness incredible based solely on a lack of

---

[1]     Although this case was filed after the functions of the Secretary of Health and Human Services, Donna E. Shalala, were transferred to the Commissioner of Social Security, Shirley S. Chater, we continue to refer to the Secretary because she was the appropriate party at the time of the underlying administrative decision.

[2]     By consent of the parties, this matter was decided by the magistrate judge. See Fed. R. Civ. P. 73(a).

objective medical evidence; and (3) the ALJ failed to develop the record as to the specific demands of claimant's past relevant work in light of his limitations.

At step four, claimant bears the burden to establish that he cannot return to his past relevant work. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). Our review of the Secretary's decision is limited to determining whether it is supported by substantial evidence and whether the Secretary applied correct legal standards. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "To find that the Secretary's decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir. 1988). However, we may neither reweigh the evidence nor substitute our judgment for that of the Secretary. Id. Applying these standards, and after careful review of the record, we affirm.

An individual is disabled within the meaning of the Social Security Act only if his impairments are so severe that he "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). Here, the ALJ denied benefits at step four of the five-step evaluation process applied for determining disability. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988)(discussing the five steps in detail).

In denying benefits at step four, the ALJ found that claimant was capable of performing a full range of light and sedentary work, and that his past relevant work as a security guard was light work.

First, claimant asserts that the ALJ failed to consider properly his subjective complaints of pain. In evaluating pain we consider (1) whether the claimant established a pain producing impairment by objective medical evidence; (2) whether there is a nexus between an established objective impairment and the claimant's subjective complaints of pain; and (3) whether upon consideration of all of the evidence, the claimant's pain is disabling. Musgrave v. Sullivan, 966 F.2d 1371, 1375-76 (10th Cir. 1992). Here, because claimant presented medical evidence that he suffers from stable angina, a condition reasonably likely to produce some pain, the ALJ was required to determine whether that pain was disabling. See Luna v. Bowen, 834 F.2d 161, 164 (10th Cir. 1987).

Contrary to claimant's assertions, the ALJ properly considered claimant's allegations of pain by reviewing his medical treatment, the effectiveness of his medications, his testimony regarding his daily activities, and the consistency of his complaints of pain with the objective medical evidence. Id. at 165-66. As the ALJ determined, claimant's medical evidence does not support a determination of disabling pain, and "[c]laimant's testimony alone cannot establish the existence of disabling pain." Musgrave, 966 F.2d at 1376.

None of claimant's treating physicians reported that claimant's pain was constant, severe, or disabling. See Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990)("The medical records must be consistent with the nonmedical testimony as to the severity of the pain."). In addition, the ALJ found, and the record supports, that any pain which may result from the stable angina was controlled by nitroglycerine. Accordingly, the ALJ correctly applied the criteria for evaluating subjective complaints of pain, and we conclude that substantial evidence supports the ALJ's determination that claimant's pain does not impair his ability to engage in a full range of light and sedentary work activities.

Next, claimant asserts that the ALJ failed to make specific credibility findings regarding his subjective complaints of fatigue, lightheadedness, and shortness of breath. Specific findings as to credibility are required only after a claimant has produced objective medical evidence showing that claimant's impairment reasonably could be expected to produce the symptom. See Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995)(if objective medical evidence shows a pain-producing problem, ALJ is required to consider claimant's allegations of pain and decide whether they are credible); see also SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996)(a finding as to credibility is made after a physical or mental impairment reasonably expected to produce the subjective symptom is shown by "medically acceptable clinical laboratory diagnostic techniques"). The ALJ

concluded, and we agree, that there was no medical evidence in the record to indicate that claimant's stable angina could reasonably produce his fatigue, lightheadedness, and shortness of breath. Therefore, the ALJ correctly found that these nonexertional impairments did not have an impact on his ability to do light and sedentary work. See id.

Next, claimant asserts that the ALJ did not adequately develop the record as to the demands of claimant's past relevant work, and did not make the required specific findings as to how claimant's impairments would mesh with those demands. See Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 361 (10th Cir. 1993)(ALJ required to make findings regarding a claimant's residual functional capacity, the physical and mental demands of a claimant's past relevant work, and the ability of the claimant to perform those demands given claimant's residual functional capacity).

Here, the ALJ found that claimant could perform a full range of light and sedentary work unlimited by his stable angina or any other impairment. The vocational expert testified that claimant's past relevant work as a security guard was light work. Therefore, because claimant's residual functional capacity did not include any limitations on his ability to perform a full range of light and sedentary work, the ALJ was not required to conduct any further comparison of limitations with work demands. See SSR 82-62, Soc. Sec. Rep. Serv., Rulings

-6-

1975-1982, at 812 (in making findings at step four, ALJ must obtain "factual information about those work demands which have a bearing on [a claimant's] medically established limitations")(emphasis added). Here, the ALJ made the requisite findings regarding claimant's residual functional capacity, ascertained that his past relevant work was light in exertional level, and found that claimant could perform light work given his residual functional capacity. See Henrie, 13 F.3d at 361.

The ALJ's decision that claimant could perform his past relevant work was supported by substantial evidence. Therefore, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge