David W. MUSGRAVE,
Plaintiff–Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.

No. 91–7101.

United States Court of Appeals, Tenth Circuit.

June 15, 1992.

Paul F. McTighe, Jr., Tulsa, Okl., for plaintiff-appellant.

John W. Raley, Jr., U.S. Atty., Gayla Fuller, Chief Counsel, Region VI, Christopher Carillo, Asst. Regional Counsel, Office of the Gen. Counsel, Dallas, Tex., for defendant-appellee.

Before MOORE, TACHA, and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

Claimant David W. Musgrave appeals an order of the district court affirming the decision of the Secretary of Health and Human Services denying his request for Supplemental Security Income benefits under the Social Security Act, 42 U.S.C. 405(g).[1] On appeal, Claimant contends that (1) the Secretary's decision was not supported by substantial evidence and (2) the ALJ erred in failing to obtain the testimony of a vocational expert.

Claimant was twenty-five years old at the time he filed for social security disability benefits on February 13, 1989. This request was denied initially and on reconsideration. Claimant requested, and was granted, a hearing before an administrative law judge (ALJ) on September 25, 1989. Claimant claims disability from April 6, 1988, due to an injury to his back he sustained in 1986, while in the Navy. While working aboard ship, Claimant apparently fell eight feet onto a steel deck, landing in a seated position.[2]

Claimant has a high school education and was honorably discharged from the Navy after four years' service. Prior to entering the Navy, Claimant received training as a nurse's aide and worked in that capacity in a nursing home for approximately six months. During his four years in the Navy, Claimant worked basically as a janitor and performed maintenance jobs, such as painting.

The ALJ denied Claimant's application for benefits, finding that Claimant was able to return to his prior work activity as a nurse's aide or a janitor. The Appeals Council declined to review the ALJ's decision. The decision thus became the final decision of the Secretary. Claimant filed for review and the district court affirmed. Claimant appeals, and we affirm.

At the time of the ship-board accident, Dr. T.A. Miller diagnosed Claimant's injuries as lumbosacral contusion/spasm. Appellant's App. Vol. II at 188. Dr. Miller also noted that the radiologist read an old compression fracture which appeared to be stable. *Id.* The record indicates that Claimant was treated for seven days with bed rest, analgesics, and muscle relaxants. Claimant appeared to have no other injuries and was released from the hospital as fully ambulatory. He was placed on limited duty for one week and then gradually returned to full duty. *Id.* at 183.

Claimant remained on full active duty for another two years before his discharge. Although Claimant told the ALJ that he was medically discharged from the Navy, *id.* at 28, the record indicates that Claimant was separated at the end of his tour with no indication of early or unusual separation for medical reasons. *Id.* at 162–63. Claimant's separation physical examination report is void of any indication of lingering back problems. *Id.* The report states that Claimant, at the time of discharge, two years after the accident, was in "good health" and taking no medications. *Id.*

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. Claimant stated that the distance of the fall was about fifteen feet. Appellant's App. Vol. II at 45. However, the records made at the time of the accident state the distance of the fall to be eight feet. *Id.* at 187.

At the hearing, the ALJ heard Claimant testify that he suffers constant pain in his lower back which radiates down his legs and also causes stomach upset. *Id.* at 31, 33. Claimant further testified that he is not capable of engaging in any activity, *id.* at 35–36, that he can only stand on his feet for ten to fifteen minutes, *id.* at 37, and that he spends most of his time in bed, *id.* at 35–36.[3] Claimant stated that he had gained approximately 150 pounds since the accident. *Id.* at 33.[4]

■■■ "This court reviews the Secretary's decision to determine whether the findings are supported by substantial evidence and whether the Secretary applied correct legal standards." *Pacheco v. Sullivan,* 931 F.2d 695, 696 (10th Cir.1991) (citing *Bernal v. Bowen,* 851 F.2d 297, 302–03 (10th Cir.1988)). Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir.1989). In order to determine whether the Secretary's decision is supported by substantial evidence, we must meticulously examine the record. However, we may neither reweigh the evidence nor substitute our discretion for that of the Secretary. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir.1991).

In order to determine whether a claimant is under a disability, the Secretary applies a five-step inquiry: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment; (3) whether the impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment prevents the claimant from continuing his past relevant work; and (5) whether the impairment prevents the claimant from

doing any kind of work. 20 C.F.R. §§ 404.-1520, 416.920; *see Williams v. Bowen,* 844 F.2d 748, 750–52 (10th Cir.1988) (providing an in-depth discussion of the five steps). "If at any point in the process the Secretary finds that a person is disabled or not disabled, the review ends." *Gossett v. Bowen,* 862 F.2d 802, 805 (10th Cir.1988). In this case, the ALJ terminated the review at step four by concluding that Claimant was capable of returning to his past relevant work as a nurse's aide or a janitor. Decision, Appellant's App. Vol. II at 12–13.

■■■ Initially, Claimant argues that the ALJ failed in his duty to fully develop the record due to the brevity of Claimant's hearing. "[A] Social Security disability hearing is a nonadversarial proceeding, in which the ALJ has a basic duty of inquiry, 'to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts.'" *Dixon v. Heckler,* 811 F.2d 506, 510 (10th Cir.1987) (quoting *Heckler v. Campbell,* 461 U.S. 458, 471, 471 n. 1, 103 S.Ct. 1952, 1959, 1959 n. 1, 76 L.Ed.2d 66 (1983) (Brennan, J., concurring)). Although Claimant had designated his brother as his representative, *see* Appellant's App. Vol. II at 19, he appeared at the hearing pro se. The ALJ's duty to develop the record is heightened when a claimant is unrepresented. *Dixon v. Heckler,* 811 F.2d at 510. However, a claimant's pro se status does not, in and of itself, mandate a reversal. *Born v. Secretary of Health & Human Servs.,* 923 F.2d 1168, 1172 (6th Cir.1990).

■■■ The length, or brevity, of a benefits hearing is not dispositive of whether or not the ALJ met the heightened obligation to fully develop the record in a case where the claimant is unrepresented. We conclude

---

**3.** Claimant's testimony at the hearing appears to contradict his statements at the time he filed his application for benefits. At that time, Claimant stated that he does limited housework, walks a block daily, watches TV, listens to the radio, does some fishing, and drives his father's car. Appellant's App. Vol. II at 85, 90.

**4.** The record indicates that at the time of the hearing, Claimant weighed in excess of three hundred pounds. Although Claimant stated to

the ALJ that his excessive weight gain started with his injury, Appellant's App. Vol. II at 33, the record establishes that at the time of the accident, Claimant was moved to an onshore hospital facility for x-rays because he was too overweight to allow use of the portable x-ray equipment aboard ship. *Id.* at 187–88. The record further indicates that Navy medical personnel had previously attempted to control Claimant's weight with diet. *Id.* at 194.

that the more important inquiry is whether the ALJ asked sufficient questions to ascertain (1) the nature of a claimant's alleged impairments, (2) what on-going treatment and medication the claimant is receiving, and (3) the impact of the alleged impairment on a claimant's daily routine and activities. *See, e.g., Carrier v. Sullivan,* 944 F.2d 243, 245 (5th Cir.1991) (hearing which lasted for twenty-six minutes was adequate when ALJ questioned pro se plaintiff about his condition, treatment, medication, and daily routines); *Born v. Secretary of Health & Human Servs.,* 923 F.2d at 1172 (brevity of hearing not dispositive when claimant failed to indicate what information or evidence would have been produced by further questioning); *Cruz v. Sullivan,* 912 F.2d 8, 11–12 (2d Cir.1990) (ALJ failed to ask sufficient questions to fulfill duty to develop record for pro se claimant).

At the opening of the hearing, the ALJ ascertained that Claimant understood his right to representation "by a lawyer or other qualified person of [Claimant's] choice." Appellant's App. Vol. II at 23. The ALJ further elicited Claimant's waiver of his right to representation and ascertained that Claimant desired to proceed without the presence of his brother.

The ALJ questioned Claimant regarding his condition, *id.* at 28, the accident which Claimant alleges precipitated his back problems, *id.* at 31–32, his recent medical treatment, *id.* at 29–30, his pain, *id.* at 30–33, and his daily activities, *id.* at 33–37. The ALJ also questioned Claimant regarding his obesity. *Id.* at 33.

When the ALJ inquired as to whether Claimant had recently received any medical treatment, Claimant replied that he had not seen any doctors other than the social security consultants. *Id.* at 30. The ALJ noted that the record contained an undated report from Dr. Donald Dingle, a chiropractor, in which, in a very short, cursory paragraph, Dr. Dingle opined that Claimant was disabled due to back pain and obesity. *Id.* at 212. Claimant did not remember when he had seen Dr. Dingle. Dr. Dingle's brief,

conclusory opinion is not supported by any medical evidence.

Unlike the plaintiff in *Dixon,* who was deemed illiterate, Claimant in this case is educated and articulate. There is no indication that Claimant is unable to read or to write effectively. *See, e.g., Dixon v. Heckler,* 811 F.2d at 510. The record indicates that Claimant understood and effectively responded to the ALJ's questions.

■ Claimant admits that he presented "very little in the way of medical evidence." Appellant's Br. at 9. He contends, however, that the ALJ erred in failing to give greater weight to the fact that the Veteran's Administration had previously awarded Claimant service-related disability payments based on its conclusion that Claimant is twenty percent disabled. Disability determinations by other agencies, however, are not binding on the Secretary. 20 C.F.R. §§ 404.1504, 416.904; *see Mandrell v. Weinberger,* 511 F.2d 1102, 1103 (10th Cir.1975) (although entitled to consideration, finding of disability by Veteran's Administration is not controlling).

■ Claimant next argues that the ALJ failed to adequately explore the nature of Claimant's past relevant work. The ALJ found that Claimant's job duties while in the Navy were mainly janitorial and therefore, Claimant could return to a janitorial job. Claimant contends that "there are different 'skills' used in cleaning Navy ships and working as a civilian janitor." Appellant's Br. at 8. He states that he used a mop, a broom, and a can of paint in the Navy, but that these activities required no "technical knowledge." *Id.;* Appellant's App. Vol. II at 77. Claimant fails, however, to specifically explain why this experience would not transfer to like work activities in the civilian community. We therefore determine this argument to be sophistic and without merit.

■ Claimant argues that the ALJ did not adequately consider his subjective complaints of disabling pain. The framework for the proper analysis of Claimant's evidence of pain is set out in *Luna v. Bowen,* 834 F.2d 161 (10th Cir.1987). We must

consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling. *Id.* at 163–64.

■■■■ In order to find Claimant's alleged pain to be disabling, the " 'pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment.' " *Brown v. Bowen,* 801 F.2d 361, 362–63 (10th Cir. 1986) (quoting *Dumas v. Schweiker,* 712 F.2d 1545, 1552 (2d Cir.1983)). The ALJ considered Claimant's medical evidence, his responses to questions regarding his daily activities, and his appearance and demeanor at the hearing. *See, e.g., Jordan v. Heckler,* 835 F.2d 1314, 1315–16 (10th Cir. 1987) (ALJ asked sufficient questions to afford claimant an opportunity to convince factfinder that claimant suffered disabling pain). As previously noted, there is a discrepancy between Claimant's recitation of his daily routine and activities as set forth on his application and as set forth in his testimony. "Credibility is the province of the ALJ." *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495, 1499 (10th Cir.1992). There is no medical evidence in the record to support Claimant's allegations of disabling pain. Claimant's testimony alone cannot establish the existence of disabling pain. *See id.; Talley v. Sullivan,* 908 F.2d 585, 587 (10th Cir.1990) (subjective allegations of pain, without more, are insufficient to establish disabling pain). Therefore, we conclude that, after giving full consideration to the facts and evidence, the ALJ's determination that Claimant's complaints of pain lack medical foundation is supported by substantial evidence.

At the request of the Secretary, Claimant was examined by Dr. Raymond J. Dougherty, a pulmonary specialist. Although Dr. Dougherty noted that Claimant complained of severe chest pains, he detected no "precipitating conditions." Appel-

lant's App. Vol. II at 204. Dr. Dougherty noted Claimant's severe obesity, but otherwise found Claimant to be in good health with no physiological basis for his complaints. *Id.* at 204–09.

Claimant was also examined by Dr. H.J. Drell, a psychiatrist. Dr. Drell opined that Claimant appeared to be seeking "some type of economic means to take care of himself without having to work." *Id.* at 201. He observed that Claimant complained about every "area" and "organ" in his body, but showed "absolutely no indication of pain." *Id.* Dr. Drell observed that Claimant maintained a giggling, child-like demeanor throughout the interview. *Id.* Although Dr. Drell diagnosed Claimant as suffering from immaturity disorder, passive-dependent with somatization reaction, and mild retardation, he ultimately determined that Claimant was capable of working. *Id.* Dr. Drell's observations, coalesced with the lack of objective medical evidence and Claimant's numerous exaggerations and contradictions, operate to cast considerable doubt on Claimant's credibility. *See Diaz v. Secretary of Health & Human Servs.,* 898 F.2d 774, 777 (10th Cir.1990) (Secretary discounted claimant's nonexertional impairment complaints due to lack of corroborative evidence and consulting physician's suspicion that claimant was malingering).

■■■■ Finally, Claimant contends that the ALJ was under an obligation to obtain the testimony of a vocational expert. We disagree. Claimant has the burden of proving his disability. *See Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir.1989). This burden does not shift to the Secretary until after a claimant establishes a disability which prevents him from performing his past relevant work. *Turner v. Heckler,* 754 F.2d 326, 328 (10th Cir.1985). Because Claimant failed to meet his burden, the ALJ was under no obligation to elicit the testimony of a vocational expert. *See Walden v. Bowen,* 813 F.2d 1047, 1049 (10th Cir.1987) (per curiam) (evaluation of a vocational expert is not necessary absent prima facie showing that claimant could not engage in prior work).

■ It is our conclusion that Claimant had an adequate opportunity to present evidence of his alleged disability. The ALJ must explore facts and evidence unfavorable as well as favorable to the claimant, and although the ALJ has a duty to fully explore the facts, the ALJ does not act as counsel for the claimant. Claimant was afforded ample opportunity to present his best evidence of disability. He failed to do so. Therefore, we can only conclude that the ALJ fulfilled his duty to fully develop the record, and the decision to deny benefits was supported by substantial evidence.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.