19 F.3d 1443
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Archy C. PARKER, Plaintiff-Appellant,
v.
Donna SHALALA, Defendant-Appellee.
 No. 93-5179.
 United States Court of Appeals,
Tenth Circuit.
 March 16, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Archy C. Parker appeals from the district court's order affirming the decision of the Secretary of Health and Human Services to deny his application for social security disability benefits, 42 U.S.C. 401-33. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 I. Background
 
 3
 Mr. Parker filed an application for social security disability benefits on October 7, 1988, alleging that he was unable to work since August 23, 1987 because of severe lower back pain caused by a lifting accident. Benefits were denied initially and on reconsideration. At Mr. Parker's request, the administrative law judge (ALJ) held a hearing and later issued a decision denying Mr. Parker's application for benefits. The ALJ found that Mr. Parker was not disabled within the meaning of the Social Security Act because he was not precluded from performing his past work as a janitor. The Appeals Council adopted the ALJ's determination, making it the Secretary's final decision, and Mr. Parker brought suit in federal district court. The district court affirmed the Secretary's denial of Mr. Parker's application. Mr. Parker now appeals.
 
 II. Discussion
 
 4
 "This court reviews the Secretary's decision to determine whether the findings are supported by substantial evidence and whether the Secretary applied correct legal standards." Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir.1992) (citations omitted). "To find that the Secretary's decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir.1988). "[W]e must meticulously examine the record. However, we may neither reweigh the evidence nor substitute our discretion for that of the Secretary." Musgrave, 966 F.2d at 1374.
 
 
 5
 Mr. Archy first argues that he is unable to perform his past work as a janitor because of limitations of motion and severe, constant pain. Substantial evidence, however, supports the ALJ's conclusion that Mr. Archy was not disabled within the meaning of the Act. The reports from Dr. Jacobs, Mr. Archy's original treating physician, demonstrate that after Mr. Archy completed a "work hardening" program he was capable of standing, walking or sitting for the entire eight-hour workday and was capable of lifting 65 pounds occasionally and 54 pounds frequently. Although a chiropractor and a general practitioner opined that Mr. Archy was disabled, the ALJ was entitled to discount these opinions because they merely referenced Mr. Archy's subjective complaints of pain and did not provide any supporting objective medical findings. See Frey v. Bowen, 816 F.2d 508, 513 (10th Cir.1987) ("[A] treating physician's opinion might be rejected if it is brief, conclusory, and unsupported by medical evidence, but ... if the opinion of the claimant's physician is to be disregarded, specific, legitimate reasons for this action must be set forth." (citations and internal quotations omitted)).[2] Further, the ALJ properly followed the framework set forth in Luna v. Bowen, 834 F.2d 161 (10th Cir.1987), and concluded that Mr. Archy's subjective complaints of pain were not entirely credible. "Credibility is the province of the ALJ." Musgrave, 966 F.2d at 1376.
 
 
 6
 Mr. Archy also contends that the ALJ should have called a vocational expert to testify whether a person of Mr. Archy's age, education and work experience with similar impairments could engage in substantial gainful activity. We disagree. Musgrave makes it clear that the ALJ is under no obligation to elicit the testimony of a vocational expert witness unless the claimant first establishes a disability which prevents him from performing his past relevant work. Id. at 1376. Here, Mr. Archy did not establish a disability which prevents him from returning to his past work as a janitor.
 
 
 7
 We AFFIRM the district court's order. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We note that the ALJ specifically stated the reasons mentioned above for discounting the opinions of the chiropractor and the general practitioner