25 F.3d 1055
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Loa CASEY, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-4186.
 United States Court of Appeals, Tenth Circuit.
 April 29, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Loa Casey appeals from the district court's order affirming the decision of the Secretary of Health and Human Services to deny claimant's application for social security disability insurance benefits and supplemental security income. We have jurisdiction under 42 U.S.C. 405(g) and 28 U.S.C. 1291. Because we do not find substantial evidence supports the ALJ's determination, we reverse and remand to the Secretary for further proceedings consistent with this order and judgment.
 
 
 3
 Claimant is a forty-four-year-old woman with a graduate equivalency degree. She claims a disability since June 1989 due to back pain. Claimant's application for benefits was denied initially and on reconsideration. After a hearing before an administrative law judge, the ALJ denied benefits at step five of the five-part sequential evaluation process for determining disability. 20 C.F.R. 404.1520; see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988) (discussing five-step process). The ALJ determined that claimant retained the residual functional capacity to perform sedentary work with some limitations. The ALJ, after hearing testimony from a vocational expert, determined that three occupations existed with jobs in sufficient numbers in the national economy fitting claimant's limitations--food preparer, production inspector and cashier II--and that, therefore, claimant was not "disabled."
 
 
 4
 Our review of the Secretary's decision is limited to determining whether the findings are supported by substantial evidence and whether the Secretary applied correct legal standards." Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir.1992) (internal quotations omitted). "[W]e must meticulously examine the record. However, we may neither reweigh the evidence nor substitute our discretion for that of the Secretary." Id.
 
 
 5
 On appeal, claimant contends that the ALJ's decision is not supported by substantial evidence. The ALJ determined that the claimant was limited to a job where she could sit or stand at will and that she was limited to lifting a maximum of ten pounds. These limitations are most in line with the definition of "sedentary" work. 20 C.F.R. 404.1567(a). The vocational expert testified that claimant could not perform any of her past jobs which were classified as "light" work. Light jobs "involve lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.... To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. 404.1567(b). The ALJ cannot rely on jobs classified as "light" to support a finding that claimant is not disabled when claimant is limited to "sedentary" work. Tom v. Heckler, 779 F.2d 1250, 1255-56 (7th Cir.1985); Mimms v. Heckler, 750 F.2d 180, 186 (2d Cir.1984). Claimant argues that all of the jobs relied on by the ALJ are classified as "light[2]" and that, therefore, the ALJ's determination that she was not disabled is not based on substantial evidence. We agree. The Secretary has failed to meet his burden of demonstrating the existence of substantial employment in the national economy which claimant is capable of performing.
 
 
 6
 The ALJ should have determined whether jobs exist in the "sedentary" classification which the claimant could perform or elicited more specific testimony from the vocational expert that any particular job in the "light" category is within the particular limitation of this claimant and these jobs exist in significant numbers in the national economy.
 
 
 7
 The judgment of the district court is REVERSED and REMANDED to the Secretary for further proceedings consistent with this order and judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Food preparer, cashier II and production inspector are classified as "light" jobs. Dictionary of Occupational Titles, U.S. Department of Labor, 319.484-010 and 211.462-010 (4th ed.1991); Occupational Outlook Handbook, "Inspectors, testors, and graders", p. 361, U.S. Department of Labor (1989-90)