62 F.3d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Anita LUCERO, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 95-2036.
(D.C. No. 93-410 JB/LFG)
 United States Court of Appeals, Tenth Circuit.
 Aug. 10, 1995.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 The Secretary of Health and Human Services (the Secretary) denied Anita Lucero's application for Social Security disability benefits. The district court affirmed the denial of benefits, and claimant now appeals. We have jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 I. Background
 
 3
 Claimant Anita Lucero fractured her right ankle in 1990. Following surgery to repair the ankle, the ankle remained unstable. Nevertheless, claimant elected not to have further surgery because she was participating in a weight loss program. On October 8, 1991, plaintiff's ankle was described as healed.
 
 
 4
 Claimant later filed for benefits from the Secretary. An administrative law judge (the ALJ) found that claimant was unable to work from August 8, 1990, through October 7, 1991. The ALJ also found, however, that claimant's ankle had medically improved as of October 8, 1991. Accordingly, the ALJ ruled that claimant was not disabled after October 8, 1991. The appeals council denied claimant's request for review of the ALJ's decision. Claimant then asked for judicial review in federal court. The district court affirmed the Secretary's decision.
 
 II. Discussion
 
 5
 On appeal of the Secretary's decision, we limit our review to determining whether the factual findings are supported by substantial evidence and whether the Secretary applied the correct legal standards. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir.1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). To determine whether the Secretary's decision is supported by substantial evidence, "we must meticulously examine the record. However, we may neither reweigh the evidence nor substitute our discretion for that of the Secretary." Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir.1992).
 
 
 6
 An individual is disabled within the meaning of the Social Security Act only if his impairments are so severe that "he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. 423(d)(2)(A). In examining a claimant's allegation of disability, the Secretary evaluates that individual's condition using a five-step process. Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988).
 
 
 7
 In this case, claimant challenges the ALJ's determination that she was no longer disabled after October 7, 1991. Claimant contends that her ankle impairment, combined with her obesity, precluded a finding of medical improvement. She claims that her condition was equivalent to 20 C.F.R. 404, pt. 404, subpt. P, app. 1, sec. 10.10 (now codified at id. sec. 9.09).
 
 
 8
 It is undisputed that claimant meets the obesity requirement of section 10.10. But the Secretary claims that there is substantial evidence to support the ALJ's determination that the section's other requirement--"a history of pain and limitation of motion ... associated with x-ray evidence of arthritis--is not met. After October 8, 1991, there was no evidence of arthritis, or equivalent findings, in the x-rays of claimant's injured ankle. Claimant's doctor stated that the ankle was "satisfactory." Accordingly, the ALJ's ruling is supported by substantial evidence.
 
 
 9
 Next, claimant contends that the Secretary erred in finding that a combination of her impairments was not disabling. We disagree. We believe that there is substantial evidence to support the ALJ's findings. As noted earlier, no physician claimed that claimant was disabled after October 8, 1991.
 
 
 10
 The Secretary's decision that claimant is not disabled within the meaning of the Social Security Act is supported by substantial evidence. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 11
 The mandate shall issue forthwith.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. Pub.L. No. 103-296, 108 Stat. 1464 (1994). Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470