UNITED STATES COURT OF APPEALS
**Filed 1/7/97**
FOR THE TENTH CIRCUIT

JOHNIE STUBBLEFIELD,

     Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,[*]
Commissioner, Social Security
Administration,

     Defendant-Appellee.

No. 96-5051
(D.C. No. CV-94-992)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before EBEL and HENRY, Circuit Judges, and DOWNES,[***] District Judge.

---

[*] Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. In the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***] Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff Johnie Stubblefield appeals from an order of the district court that affirms the decision of the Secretary of Health & Human Services to deny him social security disability and supplemental security income benefits.  We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291.

Plaintiff claims he is disabled due to back problems, pain, depression, limited work experience, and advancing age.  He filed applications for benefits in 1987 and 1988, which were denied.  He filed this application on August 9, 1990.  Because the administrative law judge (ALJ) found no good cause for reopening plaintiff's previous applications, the ALJ considered his current application from July 7, 1989, the day after his last most recent application was denied.

On this application, the ALJ denied benefits both initially and on remand from the Appeals Council, ultimately deciding at step five of the evaluation process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), that although plaintiff cannot return to his past work, he retains the residual functional capacity (RFC) to perform a significant number of jobs that exist in the national economy.  The ALJ found that plaintiff did not acquire transferable skills from

-2-

his past work, but can nevertheless perform certain sedentary, unskilled jobs. The Appeals Council denied review from this determination, making it the final decision of the Secretary. The magistrate judge[1] determined that the ALJ's finding that plaintiff lacks transferable skills was not supported by substantial evidence, that plaintiff has transferable skills, and that the record supports the ALJ's conclusion that significant numbers of jobs exist that plaintiff can perform.

On appeal, plaintiff contends that the ALJ's finding that he retains the RFC to perform a significant number of jobs existing in the national economy is based on an error of law and is otherwise not supported by substantial evidence. Specifically, plaintiff argues that: (1) the ALJ's failure to make a precise finding as to plaintiff's need to alternate sitting and standing tainted the hypothetical question the ALJ posed to the vocational expert (VE); (2) the ALJ should not have relied on the Medical-Vocational Guidelines since plaintiff alleged a nonexertional impairment, pain; (3) the ALJ's finding that plaintiff had no transferable skills is supported by substantial evidence, contrary to the conclusion of the magistrate judge; and (4) the ALJ found plaintiff's testimony concerning his sitting limitations to be not credible, without giving a valid reason for rejecting it. After reviewing the ALJ's decision in light of the whole record, we

---

[1]     The parties consented to proceed before the magistrate judge. See 28 U.S.C. § 636(c).

agree that the ALJ made a number of legal and evidentiary errors. We therefore remand for additional proceedings.

At step five, after the claimant has demonstrated that he cannot return to his past work, "the burden shifts to the Secretary to show that the claimant retains the residual functional capacity (RFC) to do other work that exists in the national economy." Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). "'The Secretary meets this burden if the decision is supported by substantial evidence.'" Id. (quoting Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988)). We therefore review the Secretary's decision to determine whether it is supported by substantial evidence and whether the correct legal standards were applied. Miller v. Chater, 99 F.3d 972, 975 (10th Cir. 1996). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quotation and citation omitted). Evidence is not substantial if it is overwhelmed by other evidence or is mere conclusion. Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). We may not reweigh the evidence or substitute our judgment for that of the Secretary. Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995).

As indicated above, plaintiff claims he is disabled due to back problems, pain, depression, limited work experience, and advancing age. The ALJ found that plaintiff retains the RFC for sedentary work, II Appellant's App. at 24

(finding 5), but that his capacity for the full range of sedentary work is limited by his need to "change positions to relieve his symptoms," id. (finding 7). At the hearing, the ALJ asked the VE what jobs would be available to a 48-year-old man with a high school education, the RFC for sedentary work, chronic pain, and the need to "change position from time to time to relieve this symptomatology." Id. at 81. Although the VE testified that plaintiff acquired transferable work skills from his past work assembling prefabricated steel buildings, the ALJ concluded that plaintiff has no transferable skills, id. at 25 (finding 10), and that plaintiff can perform such jobs as "dispatcher clerk, 1,046 [jobs in] Oklahoma, 95,432 nationally, inventory stock clerk, 4,101 Oklahoma, 36,059 nationally, assembly, 1,835 Oklahoma, 140,113 nationally, and cashier, 2,154 Oklahoma, 772,370 nationally," id. at 23.

There are a number of problems with these findings. First, because the ALJ failed to make a precise finding as to plaintiff's sitting limitations, the hypothetical he posed to the VE was faulty and the response it elicited cannot constitute substantial evidence. Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991)("Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." (quotation omitted)). Considering the vague wording used by the ALJ, we cannot tell what assumptions about

plaintiff's sitting limitations the VE might have made and whether they mesh with the medical evidence.

Second, even assuming the ALJ's hypothetical was legitimate, he misconstrued the VE's testimony in response to it. She plainly stated that there are no unskilled, sedentary jobs which would allow plaintiff to alternate sitting and standing. II Appellant's App. at 85. This eliminates the assembly and cashier jobs from the pool of jobs which plaintiff can still perform--they are unskilled, sedentary jobs. See id. at 84.

The VE did not specify the numerical code in the Dictionary of Occupational Titles (DOT) for the "stock and inventory clerk" job she said plaintiff can perform, see id. at 82, and we do not find an exact match for that title in the DOT. The clerical stock- or inventory-type jobs that are included, however, are all described as requiring at least light exertion. Therefore, since the ALJ found that plaintiff was limited to sedentary work, expressly rejecting the prior assessment by the State that plaintiff can perform light work, id. at 22, these stock and inventory jobs are also eliminated from plaintiff's occupational base. Moreover, even if we could find a sedentary stock or inventory job in the DOT to match the VE's testimony on that point, the VE stated that "[t]he stock and inventory clerk would not have as much liberty" to sit and stand at will as a dispatcher clerk, id. at 86, again raising the question of what unstated

assumptions about plaintiff's sitting limitations the VE was making in response to the ALJ's vague hypothetical, and precluding the possibility that this evidence is substantial evidence.

The one remaining job named by the VE is dispatcher clerk, and it also must be eliminated from the occupational base for lack of substantial evidence to support it. Because the VE identified the dispatcher clerk job based on her belief that plaintiff has transferable skills, to consider it contradicts the ALJ's express finding that plaintiff lacks transferable skills. Id. at 25 (finding 10).

Moreover, even assuming plaintiff has transferable work skills, the VE testified that plaintiff can perform a dispatcher clerk job only if he remains in the steel or building industries. See id. at 82, 87, 89. Although the VE said there were 1,046 dispatcher clerk jobs in Oklahoma and 95,532 nationally, see id., she estimated that only ten to twenty percent of these jobs are in the relevant industries, but that, in any event, she could "not give . . . an accurate figure without doing an actual labor market survey," id. at 90. When asked if she thought there were 200 steel building companies in Oklahoma that would need a dispatcher, she replied: "As I say, I would have to do an actual labor market survey." Id. Thus, the VE herself put into question her own ten to twenty percent estimate, basically saying she did not know how many dispatcher clerk jobs there were in the relevant industries. Therefore, there is no substantial evidence to

-7-

support any particular number of dispatcher clerks jobs supposedly available to plaintiff. Even assuming plaintiff has transferable work skills and plaintiff can perform a dispatcher clerk job, we cannot determine whether the number of dispatcher clerk jobs supposedly available to plaintiff is significant. See Trimiar v. Sullivan, 966 F.2d 1326, 1330 (10th Cir. 1992)(holding 650 to 900 jobs in Oklahoma is significant when factors relevant to the determination have been addressed). Therefore, for all the above reasons, the ALJ's conclusion that plaintiff can perform jobs that exist in significant numbers in the national economy is not supported by substantial evidence.

The magistrate judge determined that there was no substantial evidence to support the ALJ's finding that plaintiff does not possess transferable work skills and found, based on the VE's testimony, that he has transferable skills. Plaintiff argues there is substantial evidence to support the ALJ's finding because the VE mischaracterized plaintiff's past relevant work as a high-level semi-skilled "assembler, metal building (construction)," see DOT 801.381-010, instead of an unskilled construction worker II, which includes the job of "laborer, steel handling (construction)," see DOT 869.687-026. Plaintiff correctly points out that unskilled jobs produce no transferable skills. See 20 C.F.R. §§ 404.1568(a), 416.968(a); S.S.R. 82-41, 1982 WL 31389, at *2. After carefully reviewing the record, we conclude there is insufficient evidence to determine which DOT job

description best fits plaintiff's past work assembling prefabricated steel buildings.[2]  Plaintiff's testimony describing this past work was quite brief, see II Appellant's App. at 68-69, and his application forms provide even less detail about it, see id. at 99, 117-18, 226-27, 232-33, 242.  The ALJ did not ask him whether the VE's characterization of his past work was accurate.  This issue will therefore require further development on remand.

Finally, we note that the ALJ failed to address the factors generally required to make the step-five determination under Trimiar.  See 966 F.2d at 1330.  Although this legal error is not a ground for our reversal because plaintiff did not raise it, we note the error for correction on remand.

We reject plaintiff's claim that the ALJ inappropriately relied on the Medical-Vocational Guidelines (the "grids"), 20 C.F.R., Pt. 404, Subpt. P, App. 2, Rule 201.21, in making his determination that plaintiff was not disabled.  The ALJ clearly accepted plaintiff's pain as a nonexertional impairment, and correctly used the grids only as a framework for making his decision.  II Appellant's App. at 25 (finding 12); see also Thompson, 987 F.2d at 1488.

---

[2]    In response to the Secretary's argument that this issue is untimely raised because it was not presented to the magistrate judge, we point out that plaintiff had no occasion to raise it in the district court.  The ALJ's finding that plaintiff had acquired no transferable skills was in plaintiff's favor.

In light of our remand for additional proceedings, we do not reach plaintiff's claim that the ALJ improperly rejected as not credible his contention that he can sit for only fifteen minutes before he must change positions due to his back pain. Because we decide that the ALJ must make a precise finding as to plaintiff's sitting limitations, his testimony, as well as all of the relevant medical evidence, will have to be reconsidered on remand.

Plaintiff claims he reached advanced age in 1995, and that his building assembly job also became vocationally irrelevant in 1995 due to the passage of time since he last worked in that field. He therefore claims he is now disabled and requests an immediate award of benefits. We reject this request. Our holding that the ALJ failed to marshal substantial evidence to support his conclusion that there is a significant number of jobs in the national economy that plaintiff can perform does not presuppose a view that adequate evidence cannot be developed on remand. We need not and do not decide whether plaintiff became disabled in 1995, but leave that decision for the Secretary in the first instance. We note, moreover, that even if plaintiff became disabled in 1995, that would not compel a finding that plaintiff was disabled before then.

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED, and the case is REMANDED with directions to

remand to the agency for further proceedings not inconsistent with this order and judgment.

Entered for the Court


William F. Downes
District Judge