Michael F. **DEMYAN, Jr.,** Plaintiff,

v.

Kenneth **APFEL, Commissioner of the Social Security Administration,[1] Defendant.**

No. 97–CV–6335L.

United States District Court, W.D. New York.

June 11, 1998.

---

1. Apfel is substituted as a party defendant for his predecessor in office. Fed.R.Civ.P. 25(d).

Mark M. McDonald, Bond and McDonald, P.C., Geneva, NY, for Michael F. Demyan.

Anne VanGraafeiland, Asst. U.S. Atty., United States Attorney, Rochester, NY, for Kenneth S. Apfel.

## DECISION AND ORDER

LARIMER, Chief Judge.

### INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("Commissioner") that plaintiff was not disabled, and therefore, was not entitled to disability benefits. Plaintiff has moved for judgment on the pleadings pursuant to FED. R.CIV.P. 12(c) and the Commissioner has moved to remand the matter for further administrative proceedings pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). For the reasons outlined below, this Court remands the matter to the Commissioner.

### PROCEDURAL BACKGROUND

Plaintiff Michael Demyan ("Demyan") applied for Social Security disability benefits on February 9, 1993 and reapplied on July 8, 1994. (T. 95–98, 145–48). Demyan claimed that he was unable to work since October of 1989 due to several back problems, kidney stones, together with, on the second application, migraine headaches and diverticulitis. (T. 129, 189). On December 12, 1995, an Administrative Law Judge ("ALJ") issued a decision which found that plaintiff was not entitled to disability benefits. (T.19–30). After an unsuccessful appeal to the Appeals Council, Demyan commenced this action seeking review of the Commissioner's final decision. Plaintiff filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and thereafter the Commissioner filed a motion to remand for further administrative proceedings pursuant to 42 U.S.C. § 405(g).

### DISCUSSION

#### A. *The Standard of Review*

The issue to be determined by this Court is whether this matter should be remanded for further proceedings as the Commissioner's suggests, or remanded simply for an award of benefits as plaintiff urges. Both parties agree that the Commissioner's final decision was not supported by substantial evidence. *See* 42 U.S.C. § 405(g). They agree that the ALJ erred in assessing whether Demyan could, prior to his March 31, 1994 date last insured, perform his past relevant work as the owner of a garbage collection business. They also agree that the ALJ did not fully explain the finding that Demyan could still perform a full range of sedentary work.

In order to determine whether plaintiff suffers from a disability, the ALJ employs a five-step inquiry: (1) whether the plaintiff is currently working; (2) whether the plaintiff suffers from a severe impairment; (3) whether the impairment is listed in Appendix 1 of the relevant regulations; (4) whether the impairment prevents the plaintiff from continuing his past relevant work; and (5) whether there is other work which the plaintiff could perform. 20 C.F.R. § 404.1520; *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir.1982). If a claimant is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. § 404.1520(a); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir.1992).

The plaintiff bears the burden of establishing a prima facie case of disability. Plaintiff must show that he has not engaged in any substantial gainful activity and that his impairment(s) is severe and prohibits him from

returning to the type of work in which he was formerly engaged. *Parker v. Harris,* 626 F.2d 225, 231 (2d Cir.1980). Once plaintiff has established his case, "the burden shifts to the [Commissioner] to produce evidence to show the existence of alternative substantial gainful work which exists in the national economy and which the claimant could perform considering not only his physical capability, but as well his age, his education, his experience and his training" *Id.* (citations and footnote omitted).

*Past Relevant Work*

In this case, the Commissioner now contends that the ALJ erred in his evaluation of the evidence that Demyan could return to his past relevant work. Item # 7 at 4. Demyan reported to the Social Security Administration ("SSA") that his job as owner/operator of a garbage collection business required occasional lifting/carrying of weights up to ten pounds, and occasional bending. (T. 274). The government argues that the ALJ failed to resolve a conflict in the medical evidence whether Demyan could have done that work. As a result, the government claims that "the reviewing court cannot determine whether the ALJ reasonably concluded that plaintiff could have returned to his past relevant work as he performed it prior to the expiration of his insured status." Item # 7 at 4.

In a May 23, 1995 report, treating physician Tichane wrote that Demyan was limited to occasional bending and could lift and carry *less than* ten pounds. (T. 292). On the other hand, a consultative examiner's report of an examination dated June 25, 1993 stated that "I do not think that he can do any lifting over 20 pounds... I do not think he can do work that involves bending." (T. 276). These reports thus limit a return to the garbage collection job in different ways, and the ALJ did not provide an explanation as to how he evaluated them.

I agree that resolution of this factual issue is crucial to the outcome of plaintiff's claim. The Commissioner's appeals process is the appropriate forum to resolve such questions. As noted, without input from the Commissioner, a reviewing court cannot determine whether the finding that Demyan could return to his past relevant work is supported by substantial evidence.

*Application of the treating physician regulations*

Demyan also seeks reversal on the grounds that the ALJ improperly evaluated the findings of his treating physician. He claims that the treating physician's opinion that he was disabled was entitled to controlling weight, or at least some extra weight according to the Commissioner's regulations. *See, e.g. Schaal v. Apfel,* 134 F.3d 496, 503–04 (2d Cir.1998) (describing the treating physician rule and the weight the Commissioner must assign to treating physician's opinions).

Although the parties concur that the ALJ did not properly evaluate the treating physician's opinion, as noted above, the evidence does not necessarily point to one conclusion. *Id.* For instance, in an August 1994 report, the treating physician stated that although Demyan could not perform his past work as a barber, "[w]hether he can do a sit down job [ ] is really questionable." (T. 286). However, *after* this assessment, Demyan apparently continued to work at least part-time as a barber. He testified that he finally stopped cutting hair one month before the September 1995 hearing. (T. 45–46). Dr. Tichane wrote an additional statement that "[t]his patient is totally disabled," in May 1995, and she further updated that opinion in July 1995. (T. 296, 309). Thus the treating physician's opinions were prepared several months after Demyan's March 31, 1994 date last insured. Despite the doctor's conclusion that Demyan could no longer do the job, it appears that Demyan continued to work as a barber. Therefore a finding that Demyan could not have worked prior to March 31, 1994—a determination which is crucial to an award of benefits in this case—might not be supported by substantial evidence. Under these circumstances, the record does not lead to only one conclusion, so remand to the Commissioner for further administrative proceedings is in order. *See, Carroll v. Sec. of H.H.S.,* 705 F.2d 638, 644 (2d Cir.1983), *and, Schaal* at 504 ("Where application of the correct legal standard could lead to only one conclusion, we need not remand").

## CONCLUSION

The Commissioner's motion for remand pursuant to sentence four of 20 C.F.R. § 405(g), is **GRANTED,** for further proceedings to answer the question whether Demyan can still perform any of his past work, and for proper evaluation of the opinion of Demyan's treating physician. Plaintiff's motion for judgment on the pleadings is **DENIED.**

**IT IS SO ORDERED.**