**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 7 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TERRELL WILLIAMSON,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 99-5192
(D.C. No. 98-CV-460-M)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **EBEL** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff seeks review of the denial of his application for disability insurance benefits. He was determined not disabled at step five of the evaluation process. See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing sequential evaluation process). We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).

Benefits were initially denied in accordance with the decision of an administrative law judge (ALJ) issued in 1993. Following a remand by the district court, plaintiff was permitted to amend his alleged disability onset date to September 7, 1985. Plaintiff claims he has been disabled since then due to impaired concentration, arm and neck rashes, hearing loss, and injuries to his back and leg. Following a second hearing in 1996, the ALJ, upon consideration of all the evidence (with particular attention to the medical evidence), the partial disability determination by the Veteran's Administration (VA), and the testimony of a vocational expert, determined that there was a wide range of light and sedentary jobs that plaintiff could perform and that plaintiff was therefore not disabled at step five.

We review the Commissioner's decision on the entire record to determine whether the findings are supported by substantial evidence and whether the Commissioner applied the correct legal standards. See Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). On appeal, plaintiff argues that (1) the

Commissioner failed to fully develop the record; (2) the Commissioner did not properly evaluate plaintiff's credibility and the related finding and determination is not supported by substantial evidence; and (3) the Commissioner's finding concerning plaintiff's residual functional capacity (RFC) is not supported by substantial evidence.    See Appellant's Br. at 3.

For his first argument, plaintiff claims that the ALJ did not have "the background or training necessary to interpret the clinical findings and understand their significance,"    see id. at 11, and therefore should have obtained the opinion of a qualified medical expert.  We disagree.  The determination of RFC is an administrative assessment, based on all the evidence of how plaintiff's impairments and related symptoms affect his ability to perform work related activities.  See Soc. Sec. Rul. 96-5p, 1996 WL 374183 at *5; 96-8p, 1996 WL 37184 at *2.  Because this assessment is made based on "all of the evidence in the record, not only the medical evidence, [it is] well within the province of the ALJ."  See Dixon v. Apfel , No. 98-5167, 1999 WL 651389, at **2 (10th Cir. Aug. 26, 1999) (unpublished disposition).  In addition, the final responsibility for determining RFC rests with the Commissioner.    See 20 C.F.R. §§ 404.1527(e)(2); 404.1546.

It also appears that the ALJ thoroughly considered the medical evidence mentioned by plaintiff.    See Appellant's Br. at 10; Appellant's App., Vol. II

at 334-39.  Moreover, the findings of another agency, here the VA, were considered by the ALJ,   see id. at 338-39, but properly determined to be not controlling,  see id. at 339; 20 C.F.R. § 404.1504;   Musgrave v. Sullivan  , 966 F.2d 1371, 1375 (10th Cir. 1992).  Accordingly, this argument is without merit.

Next, plaintiff claims the ALJ failed to properly evaluate his credibility. He bases this argument on allegations of "significant limitations to his back and knees," Appellant's Br. at 12; failure of the ALJ to address plaintiff's back pain, see id.; improper rejection of plaintiff's knee pain,     see id. at 13; improper rejection of plaintiff's claimed lack of concentration ability due to the side effects of medication,   see id. at 14-15; and a general failure to "consider all the evidence indicating that the claimant was having significant physical problems,"       id. at 15. For all these claims, plaintiff cites     Kepler v. Chater  , 68 F.3d 387, 390-91 (10th Cir. 1995) (outlining the requirements for credibility assessment), the ALJ's decision itself, and four excerpts from the medical record.       See  Appellant's App., Vol. II at 278 (plaintiff observed on August 28, 1984, walking with cane and limping gait); 186-87 (progress notes reflecting that plaintiff had stated he had been out of medications on different occasions, for periods of one or two weeks, although a call to the pharmacy confirmed that he had failed to fill any of his prescribed medications for the previous six months); 179 (plaintiff advised that

-4-

"Tylenol #3 and other scheduled drugs are not given for chronic pain"); 176 (plaintiff advised of prudent use of Tylenol #3).

It is clear, however, that the ALJ reviewed a considerable body of evidence, both medical and nonmedical, in determining that plaintiff's complaints of disabling pain were not fully credible. He also adequately explained his reasons for not fully accepting plaintiff's claims. The record must show that the ALJ considered all the evidence, but he is not required to discuss every piece of it. See Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). What plaintiff is essentially asking is that we reweigh the evidence, which, of course, we cannot do. See Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995).

Finally, plaintiff claims that the ALJ's finding of plaintiff's RFC is not supported by substantial evidence. See Appellant's Br. at 15. Again, however, he made only two references to the record in support of his claim--the ALJ's definition of shifting weight, to encompass plaintiff's need to shift weight from one leg to another (if standing) and to shift weight to seek comfort from symptomology (if sitting), see id. at 16, and a VA rating decision dated January 3, 1991, establishing individual unemployability by that agency as of August 2, 1989. Plaintiff also complains that the record supports plaintiff's "need for use of a cane while standing and walking," see id. at 17, and that his medication affected his ability to concentrate.

There is nothing incorrect about the ALJ's definition of shifting weight. The VA rating of disability as of 1989 is not controlling, in part, because it is the finding of another agency, see 20 C.F.R. § 404.1504, but also because plaintiff was required to establish disability prior to December 31, 1988. The ALJ considered plaintiff's use of a cane (notwithstanding plaintiff's inconsistent testimony at the two hearings as to whether he began using it in 1983, see Appellant's App. at 409, or 1985, see id. at 87), but also noted that no doctor ever prescribed the use of an assistive device. See id. at 336. Again, this is a facet of plaintiff's credibility, as to which we owe deference to the ALJ's findings. See Winfrey v. Chater, 92 F.3d 1017, 1020 (10th Cir. 1996) (holding that credibility determinations, peculiarly the province of factfinder, will not be upset when supported by substantial evidence). Although as he claims he has "consistently mentioned that [his] medications reduce his ability to concentrate," see Appellant's Br. at 16, plaintiff admitted he was not taking one prescription as it was prescribed, see Appellant's App. at 417, and that when he told his VA doctors about the side effects, he was given different medication, after which he did not experience further side effects. See id. at 417-818. This argument is therefore also without merit.

For these and the reasons set forth in the magistrate judge's order of July 15, 1999, [1] the judgment of the United States District Court for the Northern District of Oklahoma is **AFFIRMED** .

Entered for the Court

Deanell Reece Tacha
Circuit Judge

---

[1] The parties consented to proceeding before a magistrate judge. <u>See</u> 28 U.S.C. § 636(c)(1), (3).