**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 24 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JUDY HAGAR,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant-Appellee.

No. 03-2262
(D.C. No. CIV-02-1258 KBM)
(D. N.M.)

---

**ORDER AND JUDGMENT** [*]

---

Before **TACHA**, Chief Judge, **MURPHY**, Circuit Judge, and **CAUTHRON**,[**] Chief District Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Robin J. Cauthron, Chief District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

Plaintiff-appellant Judy Hagar appeals from an order of the district court affirming the Social Security Administration's decision denying her application for Social Security disability and Supplemental Security Income benefits (SSI). The ALJ found Hagar's testimony about limitations beyond those supported by the medical record not to be credible both because her testimony was self-contradictory and because it was contradicted by evidence in the medical record. Hagar could thus perform her past relevant work as a sales clerk/cashier at step four of the sequential evaluation process, and the ALJ concluded that she was not disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing the evaluation process).

Hagar argues on appeal that neither the ALJ's assessment of her credibility nor his subsequent conclusion that she could perform past relevant work were supported by substantial evidence. She also argues that, because the ALJ should have believed her testimony and concluded that she was unable to perform her past relevant work, she should be found to be disabled as a matter of law. We have jurisdiction over this appeal under 42 U.S.C. § 405(g). Because the Social Security Administration's decision was supported by substantial evidence, we affirm.

Hagar ceased to perform gainful activity in August 1995 and her coverage under the Social Security Act expired at the end of March 1997. In March 1997,

Hagar was fifty-one years old, or a person closely approaching advanced age. Her past relevant work experience had included electronics assembly, janitorial duties, and employment as a sales clerk/cashier.

Hagar filed for disability benefits in October 1997, alleging disability due to problems with her feet, as well as various prior surgeries and gastrointestinal problems. Aplt. App., Vol. II at 79, 89. Medical examinations supported findings that Hagar had a low IQ, a mood disorder, possible fibrocystic disease, chronic pain syndrome, and possible nerve entrapment of the feet. *See generally, id.* at 94-133. But all of the medical evidence also concluded that Hagar retained a high level of basic functioning. *See, e.g.*, *id.*, Ex. 2F at 166 (relating that Hagar had "significant relief from her discomfort"); *id.*, Ex. 10F at 212 (finding that Hagar could perform simple, routine employment); *id.* at 196 (opining that Hagar had no exertional limitations at all).

In testimony before the ALJ, Hagar generally complained, however, that she had mental difficulty focusing on and completing tasks, and that her feet hurt so badly that she was unable to perform basic life activities as minimal as buttoning her clothes, picking up a pencil, or climbing a flight of stairs. *See id.* at 54-58. She claimed that, after fifteen to twenty minutes of standing, she had to elevate her feet for forty-five minutes. *Id.* at 51-52. But, on Hagar's self-completed Disability Report, she indicated that she could cook, drive, and

wash clothes.   *Id.*, Ex. 1E at 92;   *id.* at 53, 55, 209.  And she did not use an assistive device to be able to walk.   *Id.* at 99.

At step four of the sequential evaluation process, the ALJ concluded that Hagar's testimony about her limitations beyond those in the medical record were not credible both because they were self-contradictory, and because they were contradicted by evidence in the medical record.   *Id.* at 30-31.  Hagar's IQ was low, but should not have prevented her from functioning because her doctor had indicated that she could concentrate on basic work tasks, complete tasks, and could pursue simple, routine employment.   *Id.* at 32.  Hagar's own Disability Report contradicted her testimony about her physical limitations in daily life.   *Id.* at 31.  And, despite Hagar's basic complaints about foot pain and instability, it was significant that she did not use an assistive device for walking.   *Id.*  Finally, the ALJ noted that, if Hagar's symptoms had been as debilitating as she asserted, she would have sought additional therapy or alternative treatments, and she did not. *Id.* at 33.

The ALJ thus found that Hagar had the residual functional capacity (RFC) to lift and to carry no more than twenty pounds occasionally and ten pounds frequently; that she could sit, stand, and walk about six hours in an eight-hour workday; and that she could push and pull without limitation except for the restrictions on lifting and carrying.   *Id.* at 34.  With this residual functional

capacity, Hagar could perform her past relevant light, semi-skilled work as a sales clerk/cashier, and the ALJ concluded that she was not disabled. *Id*. Because the Appeals Council denied review, the ALJ's decision became the final decision of the Commissioner. *Id.*, Vol. I at 52.

"We review the Commissioner's decision to determine whether his factual findings were supported by substantial evidence and whether he applied the correct legal standards." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2002). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate support for a conclusion. *Id.* On appeal, we may not, though, reweigh the evidence or substitute our judgment for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).

Hagar argued on appeal that neither the ALJ's assessment of her credibility nor his subsequent conclusion that she could perform past relevant work were supported by substantial evidence. Because Hagar argued that the ALJ erred on these grounds, she also asserted that she should be found to be disabled as a matter of law. We disagree on all three points. First, the ALJ carefully supported his assessment of Hagar's credibility with specific examples of contradictions in her testimony, and with specific facts from the medical record. *See Musgrave v. Sullivan*, 966 F.2d 1371, 1376 (10th Cir. 1992) (noting that witness credibility is the province of the Commissioner whose judgment is entitled to considerable

deference). And the ALJ was entitled to consider other factors such as whether she used an assistive device and that Hagar had not sought additional medical treatment for her condition. *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (finding that factors to be considered by ALJ in assessing credibility may include, for example, the extensiveness of a claimant's efforts to obtain relief from symptoms). Second, the ALJ supported his conclusion that Hagar could perform her past relevant work experience as a sales clerk/cashier with substantial evidence because he carefully evaluated Hagar's residual functional capacity and that RFC should not have interfered with Hagar's work. A claimant's RFC "consists of those activities that [she] can still perform on a regular and continuing basis despite . . . her physical limitations," *White*, 287 F.3d at 906 n.2. The ALJ found that Hagar's main restriction was that she could not lift or carry more than twenty pounds occasionally, and ten pounds frequently. Aplt. App., Vol. II at 34. Nothing in her job as a sales clerk/cashier would require her to exceed those limitations. Third, because we conclude that the ALJ properly linked his credibility findings and the basis of the RFC to the record, *see Kepler*, 68 F.3d at 391, we hold that Hagar is not entitled to a judgment of disability as a matter of law.

Accordingly, we hold that the Commissioner's decision was supported by substantial evidence, and we AFFIRM the judgment of the district court.

Entered for the Court


Deanell Reece Tacha
Chief Judge