**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 30 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

CAROL ANN TIERNEY,

Plaintiff-Appellant,

v.

SHIRLEY CHATER, Commissioner,
Social Security Administration,

Defendant-Appellee.

No. 96-5240
(D.C. No. 95-CV-896-J)
(N.D. Okla.)

ORDER AND JUDGMENT*

Before BRORBY, BARRETT, and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff filed a claim for social security disability benefits on October 5, 1993, alleging that she became disabled on October 1, 1969, due to blindness, conjunctivitis in both eyes, hypoglycemia, epilepsy, nerve problems, back problems, irritated colon, depression, dysmenorrhea, thyroid problems, and bilateral carpal tunnel syndrome. The administrative law judge (ALJ) determined that plaintiff's insured status expired on December 31, 1978, see Admin. R. at 18, and that before that date she met the insured status requirements only for Rule IV, statutory blindness. See id. at 18, 20 (finding 1); see also 20 C.F.R. §§ 404.130, 404.1581; 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 2.00A7, 2.02, 2.03A & B. Upon consideration of the medical evidence and expert testimony, the ALJ determined that plaintiff was not blind within the meaning of 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 2.02 or 2.03A or B, for the requisite period, and denied her benefits. The Appeals Council denied review, making the ALJ's decision the final decision of the Secretary. The magistrate judge[1] affirmed. Plaintiff appeals. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and affirm.

On appeal, plaintiff contends the ALJ: (1) failed to fully develop the record; (2) ignored medical expert testimony; (3) failed to consider plaintiff's

---

[1]     The parties consented to proceed before the magistrate judge for final disposition. See 28 U.S.C. § 636(c).

treating physician's diagnosis; and (4) applied improper legal standards in his analysis of the applicable listings criteria.

We review the Secretary's decision to determine whether it is supported by substantial evidence and whether the correct legal standards were applied. See Miller v. Chater, 99 F.3d 972, 975-76 (10th Cir. 1996). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation and citation omitted). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). We may not reweigh the evidence or substitute our judgment for that of the Secretary. See Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995).

Plaintiff does not dispute that her insured status expired on December 31, 1978. As a result, she is not entitled to disability benefits unless she can prove that she met the requirements for statutory blindness beginning before December 31, 1978, and continuing without interruption up to sometime within the year before the month in which she filed her claim for benefits, October 1993. See 20 C.F.R. §§ 404.315(a)(3), 404.320(b)(3).

Plaintiff first contends that the ALJ erred in not further developing the record regarding the nonorganic, i.e., psychological, component of her vision

impairment, and that he should have received testimony from a psychiatrist. Because plaintiff did not raise this argument in the district court, however, it is waived. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994).

Plaintiff next argues that the ALJ gave insufficient weight to the February 1971 opinion of her treating ophthalmologist, Dr. Thomas E. Acer, that the field of vision in her better eye, her left eye, subtended an angle no greater than five degrees. Plaintiff also contends that the ALJ disregarded the expert testimony of ophthalmologist Dr. Robert P. Hughes, to the effect that if the five-degree limitation of her left eye were believed, plaintiff would meet the listing for statutory blindness because she was legally blind in her right eye before December 31, 1978.

The ALJ properly rejected Dr. Acer's February 1971 diagnosis because the formal visual field test on which it was based was not in the record, and because his diagnosis of a five-degree constriction of the visual field was inconsistent with both his own later findings and also with other medical evidence that plaintiff has a 180-degree field of vision in her left eye. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1994) (noting that ALJ "will give controlling weight to [treating physician's] opinion if it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record"); Eggleston v. Bowen,

851 F.2d 1244, 1246-47 (10th Cir. 1988) (holding ALJ may reject treating physician's opinion if specific, legitimate reasons are given). Dr. Hughes' testimony did not cure either of these defects. In fact, Dr. Hughes' clarification that the statute requires a particular type of visual field test to be done indicates that without the actual visual field test Dr. Acer performed, it cannot be determined that it satisfied the statute's requirements. See Admin. R. at 319-20.

Finally, plaintiff argues that the ALJ applied improper legal standards in his analysis of the applicable listings criteria. We disagree. The ALJ evaluated and weighed conflicting medical evidence, and his conclusion that plaintiff is not blind within the meaning of 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 2.02 or § 2.03A or B is supported by substantial evidence. In particular, the ALJ noted that plaintiff reported in 1993 that she could drive a car during daylight hours--an activity "inconsistent with 'statutory blindness.'" Admin. R. at 20; see also id. at 66.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

James E. Barrett
Senior Circuit Judge

-5-