**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 16 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

PATRICIA CHERRY, for Rollus M.
Cherry, a minor,

       Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner of Social Security,[*]

       Defendant-Appellee.

No. 97-7002
(D.C. No. CV-95-358-B)
(E.D. Okla.)

ORDER AND JUDGMENT[**]

Before BRORBY, BARRETT, and MURPHY, Circuit Judges.

---

[*]    John J. Callahan was appointed to serve as Acting Commissioner of the Social Security Administration, effective March 1, 1997. Pursuant to Fed. R. App. P. 43(c), Mr. Callahan is substituted as the defendant in this action for Shirley S. Chater, the former commissioner.

[**]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Rollus M. Cherry appeals a district court order affirming the final decision of the Commissioner of Social Security denying his application for child's supplemental security income (SSI) benefits. Rollus, who was sixteen years old when he appeared pro se at the administrative hearing, claimed that he was disabled due to a foot impairment and cognitive limitations. The administrative law judge (ALJ) applied the evaluation process then in effect[1] and determined that Rollus was not disabled within the meaning of the Social Security Act. The Appeals Council denied review and the district court affirmed the ALJ's decision, following its review of the magistrate judge's findings and recommendations and claimants' objections.

---

[1] Subsequent to the ALJ's decision in this case, the Social Security Act was amended by the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub. L. No. 104-193, 110 Stat. 2105 (Aug. 22, 1996), which revised the statutory definition of childhood disability, see 110 Stat. at 2188, § 211(a) (codified as amended at 42 U.S.C. 1382c(a)(3)(C)), and mandated changes in the childhood disability determination process, see 110 Stat. at 2189, § 211(b). The amendments apply to cases such as this, in which judicial review was pending on the date of enactment. See 110 Stat. at 2190, § 211(d). However, the issue raised in this appeal does not require an application or analysis of the amended provisions.

We review the Commissioner's decision to determine only whether the factual findings are supported by substantial evidence and whether correct legal standards were applied. See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir. 1995). We may not reweigh the evidence or substitute our judgment for that of the Commissioner. See Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995). We exercise our jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we affirm.

On appeal, Rollus does not take issue with the ALJ's determination that the evidence in the record was insufficient to demonstrate a disability as defined in the Social Security Act. Instead, he argues that the ALJ breached the duty to a pro se claimant to fully and fairly develop the record. He claims that the ALJ failed to (1) obtain additional medical records and opinions on his foot impairment, (2) obtain psychological testing from a medical advisor and standardized test scores from school, for a determination on the level of his cognitive function, and (3) ask explicit questions on the alleged learning problem during the disability hearing.

In every social security case, the ALJ is responsible "'to ensure that an adequate record is developed during the disability hearing consistent with the issues raised.'" Hawkins v. Chater, No. 96-5110, 1997 WL 249150, at *1 (10th Cir. May 13, 1997) (quoting Henrie v. United States Dep't of Health & Human

-3-

Servs., 13 F.3d 359, 360-61 (10th Cir. 1993)).  This duty is heightened when a claimant is unrepresented.  Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992).

"The ALJ does not have to exhaust every possible line of inquiry in an attempt to pursue every potential line of questioning.  The standard is one of reasonable good judgment.  The duty to develop is limited to fully and fairly developing the record as to material issues."  Hawkins, 1997 WL 249150, at *5 (quotations and citations omitted).  The ALJ is to ask sufficient questions "'to ascertain (1) the nature of a claimant's alleged impairments, (2) what on-going treatment and medication the claimant is receiving, and (3) the impact of the alleged impairment on a claimant's daily routine and activities.'"  Thompson v. Sullivan, 987 F.2d 1482, 1492 (10th Cir. 1993) (quoting Musgrave, 966 F.2d at 1375).

From our review of the record, we note that Rollus's medical records concerning his foot impairment, during the two-year period prior to the application date of October 6, 1992, reflect that he had surgery on both feet as an infant and that he continued to have flat feet, for which molded heel wedges were recommended.  The consulting physician observed that Rollus could ambulate with a normal gait.  At the hearing, Rollus testified that he was able to play basketball for thirty minutes to an hour, walk for five blocks, or run for two

blocks before he felt pain in his feet.  For this pain, he used a topical over-the-counter preparation.

Rollus testified that he had no problems other than with his feet.  He talked of satisfactory situations with family relationships, peer friendships, and his school.  On his SSI application, however, his mother wrote that Rollus had sleep problems, including nightmares at least twice a year, and wondered if he had "mental problems."  Appellant's App., Vol. II at 78, 81.  The consulting physician characterized Rollus as a "slow learner by history," id. at 123, but found "no unusual psychiatric behavior," id. at 124.  School records showed that Rollus's grades were predominantly D's, although they ranged from B to F.  His school counselor reported that Rollus was making academic progress, worked well with other students, and was able to perform like other students when he applied himself and received one-on-one help.  In interviews conducted during the SSI application process, Rollus answered questions "readily," id. at 83, and "appropriately," id. at 124.

At the hearing, the ALJ had before him relevant and adequate records from Rollus's school and medical providers.  The ALJ asked Rollus, his grandmother, and his mother to testify concerning the nature of his impairments, treatment and medication, and daily routine and activities.  We hold that the ALJ sufficiently

developed the record, even after taking into account the added burden that applies in cases in which the claimant is unrepresented.

Therefore, the judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


Wade Brorby
Circuit Judge