F I L E D
United States Court of Appeals
Tenth Circuit

OCT 7 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

MANUEL G. GARCIA,

      Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner, Social Security
Administration,[*]

      Defendant-Appellee.

No.  96-2271
(D.C. No. CIV-95-1034-LH)
(D. N.M.)

ORDER AND JUDGMENT[**]

Before BRORBY, LOGAN, and HENRY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

[*]     Pursuant to Fed. R. App. P. 43(c), John J. Callahan, Acting Commissioner
of Social Security, is substituted for Shirley S. Chater, the former Commissioner,
as the defendant in this action.

[**]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Manuel G. Garcia alleges disability due to back pain. His applications for supplemental security income and disability insurance benefits were denied by the Social Security Administration, the administrative law judge (ALJ), the Appeals Council, and the district court.

On appeal, plaintiff argues that because he is "substantially" disabled by pain, the ALJ erred in relying on the grids to find him not disabled. He further contends that he meets the criteria for a listed impairment and that the ALJ should have referred him to an "orthopedic doctor" instead of a neurologist.

The ALJ concluded that plaintiff could do light work, but could not return to his past relevant work in the oil fields. The ALJ then applied the "grids," i.e., the medical-vocational guidelines, 20 C.F.R., Pt. 404, Subpt. P, App. 2, to find plaintiff not disabled. We review this decision to determine only whether the relevant findings are supported by substantial evidence and whether the Commissioner applied correct legal standards. See Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir. 1991). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. We will not reweigh the evidence or substitute our judgment for that of the Commissioner. See id.

We review plaintiff's claim of disabling pain to determine if he has (1) "established a pain-producing impairment by objective medical evidence,"

Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir. 1992); (2) shown a "loose nexus" between the proven impairment and the subjective allegations of pain, see id.; and (3) established that, "considering all the evidence, both objective and subjective, [his] pain is in fact disabling," id. Plaintiff's testimony, by itself, is insufficient to establish that his pain is disabling. See id.

The record contains the results of examinations by two different medical doctors, neither of whom found plaintiff to be disabled or even identified medical evidence to support his allegations of disabling pain. Dr. Lloyd Garland, the neurosurgeon who treated plaintiff after his back injury, noted only that he had low grade degenerative disc changes at L4-5 and concluded that he did not have a herniated disc. Dr. Garland further noted that plaintiff had not "pushed his exercise program appreciably," Appellant's App. 116, and that he had no nerve root compression, see id. at 117. X-rays revealed plaintiff's lumbosacral spine was within normal limits. The radiologist who performed an MRI suggested that plaintiff had a herniated disc, a conclusion with which Dr. Garland disagreed. Dr. Garland stated: "[p]lain x-rays of the lumbosacral spine showed good preservation of the intervertebral spaces without evidence of bony erosions, fractures, subluxation, or other pathology, and I consider them as being within normal limits." Id. at 128. Dr. Garland released plaintiff to return to work and urged him to "use common sense." Id. at 117. A post-hearing examination by Dr.

H. S. Chuang, a neurologist, revealed that plaintiff's neurological exam was "essentially normal." Id. at 143.

Plaintiff places great emphasis on the opinion of his treating chiropractor, Dr. Jim Aho, to establish that his pain is disabling. However, not only is Dr. Aho's opinion contradicted by the opinions of two physicians, but a chiropractor is not an acceptable medical source as defined in the regulations, cf. 20 C.F.R. § 404.1513(a). A chiropractor's opinion may corroborate the findings of a treating physician, see Frey v. Bowen, 816 F.2d 508, 514 (10th Cir. 1987), or show how an impairment affects a claimant's ability to work, see 20 C.F.R. § 404.1513(e). A chiropractor's opinion by itself, however, cannot provide the objective medical evidence necessary to establish a pain-producing impairment.[1]

Finally, the circumstantial evidence surrounding plaintiff's course of treatment after his injury supports the finding of no disability. Plaintiff initially availed himself of massage therapy at Dr. Aho's chiropractic clinic. Plaintiff eventually saw Dr. Garland, but did not return to his care after the initial treatment. Plaintiff gave no particular reason for not returning to the neurosurgeon. Instead, plaintiff pursued treatment with Dr. Aho which consisted of traction, electrotherapy, and hydrotherapy. Plaintiff takes no prescription

---

[1] We note that even Dr. Aho believed that, although plaintiff was not able to continue heavy work, he was an innately intelligent person who would benefit from retraining. See Appellant's App. 111.

medication, relying instead on Tylenol, heat, and rest for pain relief. Further, he has not diligently pursued the exercise regime prescribed for him. Given this evidence, we agree that the ALJ's conclusion that plaintiff does not suffer disabling pain is supported by substantial evidence. Thus, reliance on the grids to determine plaintiff's eligibility for benefits was proper. See Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir. 1988).

In arguing that he should have been found disabled because he meets a listing, plaintiff relies on a one-sentence letter from Dr. Aho: "In answer to your question -- yes, Mr. Garcia does meet the criteria listed in paragraph 1.05(c)." Appellant's App. 98. Suffice it to say that the objective medical evidence in the record fails to establish the specific impairments necessary for plaintiff to meet this listing. Dr. Garland did not find any herniated disc or nerve compression, and x-rays of plaintiff's lumbosacral spine were within normal limits. The ALJ did not err in refusing to find that plaintiff met this listing.

Finally, plaintiff argues that the ALJ promised plaintiff would be examined by an orthopedic surgeon but sent him instead to Dr. Chuang, another neurologist. This is incorrect. The ALJ stated merely that he would consider sending plaintiff to an orthopedic surgeon. Contrary to plaintiff's argument, the ALJ's analysis of the opinions of the two physicians and the chiropractor is consistent with our directives in Goatcher v. United States Department of Health & Human Services,

52 F.3d 288, 289-90 (10th Cir. 1995) (discussing factors that determine weight attributable to medical opinions, including specialization).

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge