**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 1 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JIMMY L. MORRIS,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security,

      Defendant-Appellee.

No. 99-7017
(D.C. No. CIV-98-183-S)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **BARRETT** , and **McKAY** , Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Jimmy L. Morris appeals from an order of the district court affirming the Commissioner's determination that he was not eligible for Social Security disability benefits. The administrative law judge (ALJ) denied benefits at step one, holding that claimant had engaged in substantial gainful activity subsequent to the date he last met the insured status requirements. *See Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The Appeals Council denied review. The district court adopted the recommendation of the magistrate judge affirming the ALJ's decision. On appeal, plaintiff argues the ALJ's determination is not supported by substantial evidence. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we affirm.

"We review the [Commissioner's] decision to determine whether [his] factual findings are supported by substantial evidence in the record viewed as a whole and whether [he] applied the correct legal standards. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994) (citations and quotations omitted).

At step one of the sequential analysis, the claimant has the burden of showing he is not performing substantial gainful activity. *See* 20 C.F.R. § 404.1571; *Musgrave v. Sullivan*, 966 F.2d 1371, 1376 (10th Cir. 1992) (claimant has burden of proving disability); *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th

Cir. 1989) (claimant engaged in substantial gainful activity will not be found disabled no matter how severe his impairments). Substantial gainful activity is work that is both substantial, i.e., involving "significant physical or mental activities" even if done part-time or if the claimant does less, gets paid less, or has less responsibility than when he worked before; and gainful, i.e., "work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(a), (b). For a self-employed individual, "[s]upervisory, managerial, advisory or other significant personal services" he or she performs may show that individual is "able to do substantial gainful activity." *Id.* § 404.1573(d).

Claimant alleges disability as of January 1, 1990. In order to recover benefits, claimant must establish that he was disabled on June 30, 1990, the date his status as an insured expired. In denying his application for benefits, the ALJ determined that subsequent to the date he last met the insured status requirements, claimant was self-employed in cattle farming and in a construction/truck contracting business. Although claimant's wife testified that she did most of the work involved in the contracting business and a former employee testified that he had dealt with claimant's wife regarding job assignments, the ALJ found that claimant had many years of experience in the construction and subcontracting business and had been significantly involved.

The claimant also testified that he had purchased twenty acres of farm land and had between twelve and fifteen head of cattle in order to keep the grass down. He testified that the cattle were "pretty well self taken care of," R. Vol. II at 233, but that, in the winter, he and his wife would use a small tractor to take hay to the fields, *see id.* at 228. He testified that in 1994, he had someone pick up a number of the cattle and take them to the stock yards where they were sold for approximately $2,800. He claimed that he sold the cattle because he had more than he needed for the grass he had. *See id.* at 229-30.

The ALJ found that claimant's 1994 tax return indicated claimant's involvement in both businesses and showed gross income in excess of $100,000, business expenses of $98,544, and a net profit of $2,968. His 1995 tax return showed gross income of $14,576 with a net profit of $9,494. [1] The ALJ concluded that although claimant's wife may have been minimally involved in the operation of the business, claimant was the "guiding force behind the business based on his statements, his past experience in the business, and his tax returns." R. Vol. II at 18.

On appeal, claimant alleges that the ALJ's dismissal of claimant's testimony that his wife solely ran the truck contracting business amounted to a finding of

---

[1] The ALJ noted that the tax returns submitted by claimant were incomplete and the claimant did not comply with the ALJ's request that he submit complete tax returns for the years 1992-1995. *See* R. Vol. II at 18.

-4-

incredibility which was not supported by substantial evidence. He contends that the ALJ failed to make the credibility analysis as required in *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). We need not address this argument, however, because, as claimant readily admits, the ALJ did not make a finding that claimant was not credible. Instead, the ALJ concluded that claimant had not met his burden of proving that he was not engaged in substantial gainful activity subsequent to the date he last met the insured status requirements of the Social Security Act. In reaching this conclusion, the ALJ appropriately considered claimant's involvement in the cattle farming and construction/truck contracting businesses, his mental and physical contributions to these businesses, and his income from these businesses.

Next, claimant alleges that the ALJ did not perform an adequate legal analysis of the regulations governing step one determinations. In order to determine whether a self-employed claimant is performing substantial gainful activity, the Commissioner examines the claimant's activities and their value to his business, including (1) whether the claimant's work activity in terms of "hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals" in the same or a similar business; (2) if the work activity is not comparable, whether, in terms of its value to the business, the activity is worth [$500 per month]; or (3) whether the claimant provides "services that are significant to the operation of business" and receives substantial income

therefrom. *See* 20 C.F.R. § 404.1575(a). The Commissioner also considers whether the claimant performs any "[s]upervisory, managerial, advisory or other significant personal services." *Id.* § 404.1573(d). Income alone is not determinative, and the Commissioner will evaluate the claimant's work activity based on the value of claimant's services to the business regardless of whether claimant receives an immediate income. *See id* . § 404.1575(a).

In an attempt to more fully develop the record in this case, at the close of claimant's hearing, the ALJ requested that claimant submit his complete tax returns for the years 1992-95. In so doing, the ALJ informed claimant that the incomplete tax returns he had submitted were insufficient to support claimant's testimony, and could not support a favorable decision for claimant. *See* R. Vol. II at 236. The record was held open for an additional forty-four days for submission of these documents. Claimant did not submit the documents or request an extension of time in which to do so.

The claimant bears the burden of proving he is not engaged in substantial gainful activity. *See Musgrave* , 966 F.2d at 1376. The ALJ provided claimant with ample opportunity to provide additional information the ALJ considered crucial to a proper regulatory analysis of whether claimant was engaged in substantial gainful activity. *See* R. Vol. II at 236. After claimant's failure to provide this information, he cannot now complain that the ALJ's analysis was

faulty. It is clear from our reading of the record that the ALJ's analysis was as thorough as possible with the information he was provided.

The ALJ's decision clearly set forth the regulatory framework for determining whether a claimant has engaged in substantial gainful activity. *See id.* at 16. The ALJ discussed claimant's testimony regarding his many years of experience in the contracting business, the incomplete tax returns, and his finding that claimant rendered significant mental and physical activities to the businesses. We therefore determine that the ALJ reasonably concluded that subsequent to the time he was last insured, June 30, 1990, claimant had been engaged in substantial gainful activity, a conclusion that forecloses a finding of disability. *See* 20 C.F.R. § 404.1520(a), (b); SSR 88-25. This conclusion is supported by substantial evidence.

Therefore, the judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge